# EXHIBIT A

 **CT Corporation**

**Service of Process Transmittal**
07/12/2017
CT Log Number 531562871

TO: Dawn Call
Management & Training Corporation
500 North Marketplace Drive
Centerville, UT 84014-

RE: **Process Served in California**

FOR: Management & Training Corporation  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Carlos Lopez and Angel Alejo, etc., Pltfs. vs. Management & Training Corporation, et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Cover Sheet, Complaint, Notice(s) |
| **COURT/AGENCY:** | Imperial County - Superior Court - El Centro, CA<br>Case # ECU09900 |
| **NATURE OF ACTION:** | Employee Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 07/12/2017 at 14:00 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Alexander I. Dychter<br>DYCHTER LAW OFFICES, APC<br>1010 Second Ave., Suite 1835<br>San Diego, CA 92101<br>619-487-0777 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 07/13/2017, Expected Purge Date: 07/18/2017<br><br>Image SOP<br><br>Email Notification,  Dawn Call  dcall@mtctrains.com<br><br>Email Notification,  Lisa Rich  lisa.rich@mtctrains.com<br><br>Email Notification,  William Ormond  William.ormond@mtctrains.com |
| **SIGNED:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

Page 1 of  2 / MC

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

 CT Corporation

**Service of Process Transmittal**
07/12/2017
CT Log Number 531562871

**TO:** Dawn Call
Management & Training Corporation
500 North Marketplace Drive
Centerville, UT 84014-

**RE:** **Process Served in California**

**FOR:** Management & Training Corporation  (Domestic State: DE)

**DOCKET HISTORY:**

| DOCUMENT(S) SERVED: | DATE AND HOUR OF SERVICE: | TO: | CT LOG NUMBER: |
|---|---|---|---|
| Letter(s), Exhibit(s) | By Certified Mail on 06/27/2017 at 14:17 postmarked on 06/22/2017 | Dawn Call Management & Training Corporation | 531481572 |

Page 2 of  2 / MC

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

7-12-17

2:00 pm

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Management & Training Corporation, a Delaware Corporation; and
DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Carlos Lopez and Angel Alejo, individuals, and on behalf of all others
similarly situated,



FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

ENDORSED

JUN 21 2017

SUPERIOR COURT
COUNTY OF IMPERIAL

MARIA RHINEHART, INTERIM CLERK
BY _____ DEPUTY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Imperial Cty. Superior Ct. - El Centro

939 West Main Street
El Centro, CA 92243

**CASE NUMBER:**
*(Número del Caso):* ECU09900

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Alexander I. Dychter, Esq., 1010 Second Ave., Suite 1835, San Diego, CA 92101; Telephone: (619) 487-0777

MARIA RHINEHART, INTERIM CLERK

**DATE:**
*(Fecha)* JUN 2 1 2017

Clerk, by _____, Deputy
*(Secretario)* F. ZUNIGA *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*   **F. ZUNIGA**

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Management & Training Corporation, a Delaware Corporation

under: ☒ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)

☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20 485
www.courtinfo.ca.gov

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Alexander I. Dychter (SBN 234526)
DYCHTER LAW OFFICES, APC
1010 Second Avenue, Suite 1835
San Diego, California 92101
TELEPHONE NO.: (619) 487-0777    FAX NO.: (619) 330-1827
ATTORNEY FOR *(Name):* Carlos Lopez and Angel Alejo, Plaintiffs

**FOR COURT USE ONLY**

ENDORSED

JUN 21 2017

SUPERIOR COURT
COUNTY OF IMPERIAL

MARIA RHINEHART, INTERIM CLERK
BY _____ DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Imperial
STREET ADDRESS: 939 West Main Street
MAILING ADDRESS:
CITY AND ZIP CODE: El Centro, 92243
BRANCH NAME: El Centro Courthouse

CASE NAME:
Carlos Lopez and Angel Alejo v. Management & Training Corporation

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | ECU09900 |
| | | | | JUDGE: |
| | | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

VIA FAX

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [✓] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [✓] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [✓] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* 3
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: June 21, 2017
Alexander I. Dychter
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov



1  Alexander I. Dychter (SBN 234526)
   **DYCHTER LAW OFFICES, APC**
2  1010 Second Ave., Suite 1835
   San Diego, California 92101
3  Telephone: (619) 487-0777
   Facsimile: (619) 330-1827
4  E-Mail: alex@dychterlaw.com

5  Walter L. Haines (SBN 71075)
   **United Employees Law Group, PC**
6  5500 Bolsa Ave., Suite 201
   Huntington Beach, California 92649
7  Telephone: (562) 256-1047
   Facsimile: (562) 256-1006
8  E-Mail: admin@uelglaw.com

9  Attorneys for Plaintiffs Lopez and Alejo

10

11                                                      **VIA FAX**

12                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

13                            **COUNTY OF IMPERIAL**

14
   CARLOS LOPEZ and ANGEL ALEJO,          Case No.  ECUO9900
15 individuals, and on behalf of all others similarly
   situated,                               **CLASS ACTION**
16
                   Plaintiffs,
17                                          **COMPLAINT**

18         v.
                                            1. Failure to Pay Straight-Time & Overtime
19                                             Wages
   **MANAGEMENT & TRAINING**                2. Violation of the Unfair Competition Law
20 **CORPORATION, a Delaware Corporation; and**   (Cal. Bus. & Prof. Code §§ 17200, *et seq.*)
   DOES 1 through 50, inclusive,           3. Failure to Provide Accurate Wage Statements
21
                   Defendants.
22                                          **DEMAND FOR JURY TRIAL**

23

24

25

26

27

28

   COMPLAINT

Plaintiffs CARLOS LOPEZ ("Plaintiff Lopez") and ANGEL ALEJO ("Plaintiff Alejo") (collectively the "Plaintiffs"), individuals, on behalf of themselves and all other similarly situated current and former employees, allege on information and belief, except for their own acts and knowledge, which are based on personal knowledge, the following:

## INTRODUCTION

1.      This is a putative class action brought against Defendant MANAGEMENT & TRAINING CORPORATION (hereinafter "Defendant" or "MTC") for (i) failing to pay straight-time and overtime wages at the lawful rate of pay for all work performed; (ii) failing to provide duty-free meal breaks; (iii) failing to authorize and permit paid duty-free rest periods; and (iv) failing to provide accurate, compliant, itemized wage statements, as mandated under the California Labor Code.

2.      Plaintiffs are Members of and the named representatives for the Class and the Wage Statement Subclass, as defined in Paragraphs 20-21, respectively, below.  The term "Class" includes Plaintiff and all other persons who are members of the "Class," and/or the "Wage Statement Subclass," as herein defined.

3.      Plaintiffs seek: 1) all straight-time and overtime wages owed, under Labor Code §§ 510, 1194, and 1197; 2) an additional hour of pay owed, under Labor Code § 226.7 and I.W.C. Wage Order No. 4, for failing to be provided with a compliant meal break; 3) an additional hour of pay owed, under Labor Code § 226.7 and I.W.C. Wage Order No. 4, for failing to be authorized and permitted to take a paid, compliant rest period; 4) penalties for inaccurate itemized wage statements, under Labor Code § 226(e); and 5) restitution under Business and Professions Code § 17203.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this Action pursuant to California Code of Civil Procedure § 410.10 and California Business & Professions Code § 17203.  This action is brought as a Class Action on behalf of Plaintiffs and similarly situated employees of Defendant, pursuant to Cal. Code of Civ. Proc. § 382.

///

- 1 -

5.    Venue is proper in this Court, pursuant to California Code of Civil Procedure § 395 and § 395.5, because the Plaintiffs worked in the County of Imperial, and Defendant manages a prison in the County of Imperial, and Defendant committed the wrongful conduct herein alleged in the County of Imperial against Plaintiffs and Members of the Class.

### THE PARTIES

**A.    Plaintiffs and the Class**

6.    Plaintiff CARLOS LOPEZ is currently employed by Defendant MTC as a Sergeant at the Imperial Regional Detention Facility, located at 1572 Gateway Road, Calexico, California 92231. Plaintiff Lopez has been employed at the facility since approximately September 2, 2014. Mr. Lopez earns approximately $32.70 per hour.

7.    Plaintiff ANGEL ALEJO is currently employed by Defendant MTC as a Detention Officer at the Imperial Regional Detention Facility. Plaintiff Alejo has been employed at the facility since approximately September 2014.

8.    During the Class Period, Defendant failed to pay Plaintiffs and the Class Members wages for all time actually worked at the lawful rate of pay. Specifically, Defendant maintained a time rounding policy that on its face is not fair and neutral and is implemented in a manner that, when viewed over a period of time, fails to compensate employees properly for all the time that they actually worked and were under the employer's control. Additionally, due to an auto-deduct meal break policy of 30-minutes, Plaintiffs and the Class Members frequently were still working while Defendant considered them to be "clocked-out" for a meal break and therefore failed to receive wages for time actually worked.

9.    During the Class Period, Defendant failed to provide Plaintiffs and the Class Members with uninterrupted, duty-free 30-minute meal breaks that occurred within the first five hours of employment. Plaintiffs and Class Members were not permitted to leave their "posted" position unless they were relieved of duty by a replacement. However, Defendant maintained an auto-deduct meal break policy which recorded a 30-minute meal break regardless of whether the Class Members actually were relieved of their duties for the entire 30-minute meal period. Further, due to insufficient staffing, Class Members frequently had to wait beyond their scheduled

-2-

1   meal break time in order to be relieved of all duty and only then were able to take a duty-free meal

2   break.  Plaintiffs and Class Members on certain occasions worked shifts of over ten (10) hours and

3   failed to receive a second thirty (30) minute meal break.

4       10.     During the Class Period, Defendant frequently failed to authorize and permit

5   Plaintiffs and the Class Members to take uninterrupted, duty-free paid 10-minute rest breaks.  Due

6   to insufficient staffing levels of guards, Plaintiffs and Class Members were unable to take

7   compliant rest breaks as mandated under California law.

8       11.     The Members of the Class are similarly situated persons who are presently

9   employed or were formerly employed as Detention Officers and/or Sergeants in the State of

10  California who: 1) were not paid straight-time wages for all work time; 2) were not paid premium

11  overtime wages for all work performed in excess of eight hours in one workday or over forty

12  hours in one workweek at the lawful rate of pay; 3) were not provided with uninterrupted duty-free

13  30-minute meal breaks; 4) were not authorized and permitted to take paid duty-free 10-minute rest

14  periods; and, 5) were not provided accurate itemized wage statements.

15      **B.      Defendant**

16      12.     Defendant MANAGEMENT & TRAINING CORPORATION ("MTC") is an

17  entity created under the laws of the State of Delaware.  At all relevant times mentioned herein,

18  Defendant conducted substantial business in the State of California, County of Imperial.

19      13.     MTC maintains contracts with various state governments and the federal

20  government for the purposes of managing prisons throughout the United States.  According to the

21  MTC website, MTC safely secures more than 73,000 offenders and detainees in eight states at 24

22  facilities annually.  Worldwide, MTC employs a total of 8,583 employees, of which 4,498 are

23  employed in its Corrections division across the United States, 278 medical employees at

24  correctional facilities, 3,609 in the Education & Training division at centers across the United

25  States, and 198 people at its Centerville, Utah corporate headquarters.

26      14.     In California, MTC operates the Imperial Regional Detention Facility for the

27  Immigration & Customs Enforcement (located at 1572 Gateway Road, Calexico, California

28  92231), and the Taft Correctional Institution for the Federal Bureau of Prisons (located at 1500

-3-

1   Cadet Road, Taft, California 93268).

2       15.   According to the MTC website, the <u>Imperial Regional Detention Facility</u> has a

3   capacity for 782 detainees and maintains a staff of 218, and the <u>Taft Correctional Institution</u> has a

4   capacity for 2,500 inmates and maintains a staff of 342.

5       16.   Defendant MTC is the employer of Plaintiffs, as evidenced by Plaintiffs' wage

6   statements and other work-related documents provided to Plaintiffs during the course of their

7   employment.

8       17.   MTC was the employer of Plaintiffs and the Class Members at the time when

9   Defendant breached its legal obligations to them as described herein, and Defendant continues to

10  breach legal obligations owed to Class Members currently employed by Defendant.

11      18.   Plaintiff is ignorant of the true names, capacities, relationships and extent of

12  participation in the conduct herein alleged, of the Defendants sued herein as DOES 1 through 50,

13  but is informed and believes and thereon alleges that said Defendants are legally responsible for

14  the wrongful conduct alleged herein and therefore sues these Defendants by such fictitious names.

15  Plaintiffs will amend this Complaint to allege the true names and capacities of the DOE

16  Defendants when ascertained.

17      19.   Plaintiffs are informed and believe and thereon allege that each Defendant acted in

18  all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme,

19  business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally

20  attributable to the other Defendants.

21                          **CLASS ACTION ALLEGATIONS**

22      20.   Plaintiffs bring this action on behalf of themselves and all other similarly situated

23  persons as a class action, pursuant to Code of Civil Procedure § 382.  Plaintiffs seek to represent a

24  Class composed of and defined as follows:

25      **All individuals who are, or previously were, employed by Defendant**

26      **Management & Training Corporation in the State of California as non-exempt**

27      **hourly Sergeants and/or Detention Officers, at any time since June 21, 2013**

28      **through the date of trial ("Class Period") ("Class Members").**

- 4 -

1  21.  Plaintiffs also seek to bring this action on behalf of themselves and all other

2  similarly situated persons in a Subclass of the Plaintiffs' Class, which is composed of and defined

3  as follows:

4  **All Class Members employed at any time since June 21, 2016**

5  **("Wage Statement Subclass Members").**

6  22.  This action has been brought and may be maintained as a class action, pursuant to

7  Code of Civil Procedure § 382, because there is a well-defined community of interest among

8  many persons who comprise a readily ascertainable class.

9  a.  The Class Members are so numerous that individual joinder of all of them as

10  plaintiffs is impractical.  Although the exact number of Class Members is unknown

11  to Plaintiffs at this time, Plaintiffs are informed and believe and thereon allege that

12  there are not less than 100 Class Members.

13  b.  The identity of Class Members can readily be determined from Defendant's

14  employment records.  Defendant's records include the name and address of every

15  person who was employed in California as a Sergeant or Detention Officer during

16  the Class Period.

17  c.  Common questions of law and fact exist as to Class Members and predominate

18  over any questions that may affect only individual Class Members.  These common

19  questions include, but are not limited to:

20  (1)  Did Defendant, in violation of Labor Code §§ 510, 1194, and 1197, fail to

21  pay non-exempt hourly Sergeants and/or Detention Officers for all time

22  actually worked?

23  (2)  Did Defendant, in violation of Labor Code §§ 510, 1194, and 1197, fail to

24  pay non-exempt hourly Sergeants and/or Detention Officers for all overtime

25  wages owed to them?

26  (3)  Is Defendant liable for restitution under Business and Professions Code §

27  17203?

28

- 5 -

1       (4)   Did Defendant violate the Unfair Competition Law, Business and

2              Professions Code § 17200, *et seq.*, by failing to provide compliant meal

3              periods, as mandated under Labor Code § 226.7 and I.W.C. Wage Order

4              No. 4?

5       (5)   Did Defendant violate the Unfair Competition Law, Business and

6              Professions Code § 17200, *et seq.*, by failing to authorize permit

7              compliant, paid rest breaks, as mandated under Labor Code § 226.7 and

8              I.W.C. Wage Order No. 4?

9       (6)   Did Defendant violate the Unfair Competition Law, Business and

10             Professions Code § 17200, *et seq.*, by its unlawful practices, as alleged

11             herein?

12      (7)   Did Defendant fail to provide accurate, compliant, itemized wage

13             statements?

14      (8)   Is Defendant liable for civil penalties under Labor Code § 226?

15      (9)   Is Defendant liable for pre-judgment interest?

16      (10)  Is Defendant liable for attorney's fees and costs?

17    d.   Plaintiffs are Members of the Class and the Subclass, and their claims are typical of

18        the claims of the other Class Members and Subclass Members. Plaintiffs are

19        informed and believe and thereon allege that Defendants' maintain policies or

20        practices of: 1) failing to pay wages at the lawful rate of pay for all hours worked

21        based upon an unlawful time-rounding policy and unlawful meal period auto-

22        deduct policy; 3) failing to provide compliant duty-free meal periods; 4) failing to

23        authorize and permit paid, compliant duty-free rest breaks; and/or 5) failing to

24        provide employees with accurate wage statements.

25    e.   Plaintiffs will adequately and fairly protect the interests of the Class Members and

26        Subclass Members. Plaintiffs have no interest adverse to the interests of absent

27        Class Members and Subclass Members. Plaintiffs are represented by legal counsel,

28        who has substantial class action experience in civil litigation and employment law.

- 6 -

1    23.    A class action is superior to other available means for fair and efficient adjudication

2  of the claims of the Class and would be beneficial for the parties and the Court.  Class action

3  treatment will allow a large number of similarly situated persons to prosecute their common

4  claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of

5  effort and expense that numerous individual actions would require.  The monetary amounts due to

6  many individual Class Members are likely to be relatively small, and the burden and expense of

7  individual litigation would make it difficult or impossible for individual members of the Class to

8  seek and obtain relief.  A class action will serve an important public interest by permitting such

9  individuals to effectively pursue recovery of the sums owed to them.  Further, class litigation

10  prevents the potential for inconsistent or contradictory judgments raised by individual litigation.

11                          **FIRST CAUSE OF ACTION**
                  **Failure to Pay Straight-Time and Overtime Wages**
12              (By Plaintiffs and the Class Members against all Defendants)

13    24.    Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

14    25.    At all relevant times, Plaintiffs and the Class Members were employees of

15  Defendants covered by Labor Code §§ 510, 1194 and 1197, and I.W.C. Wage Order No. 4.

16    26.    By their failure to pay straight-time wages and overtime wages for all time worked,

17  as alleged above, Defendants willfully breached their agreement to pay wages in violation of

18  Labor Code §§ 510, 1194 and 1197, and I.W.C. Wage Order No. 4.

19    27.    Pursuant to Labor.Code § 510 and I.W.C. Wage Order No. 4, Plaintiffs and the

20  Class Members were entitled to premium overtime wages payable at the rate of at least one and

21  one-half times their regular rate of pay for all work in excess of eight hours in one workday or in

22  excess of forty hours in one workweek and payable at the rate of at least twice the regular rate of

23  pay for all work in excess of twelve hours in one workday and in excess of eight hours on the

24  seventh day worked in a workweek.

25    28.    Plaintiffs are informed and believe and thereon allege that at all relevant times

26  within the applicable limitations period, Defendants maintained and continue to maintain a policy

27  or practice of time rounding that on its face is not fair and neutral and is implemented in a manner

28  that, when viewed over a period of time, fails to compensate employees properly for all the time

1  they actually worked and were under the employer's control. Additionally, due to an auto-deduct
2  meal period policy of 30-minutes, Plaintiffs and the Class Members frequently were still working
3  while Defendants considered them to be "clocked-out" for a meal period and therefore failed to
4  receive wages for time actually worked while they were automatically "clocked-out" by
5  Defendants.

6      29.   As a result of Defendants' unlawful and willful conduct, Plaintiffs and the Class
7  Members have suffered damages in an amount, subject to proof, to the extent that they were not
8  paid straight-time wages and premium overtime wages at the lawful rate of pay for all hours
9  actually worked.

10     30.   Pursuant to Labor Code §§ 1194, 1194.2 and 1194.3, Plaintiffs and the Class
11  Members are entitled to recover the full amount of unpaid wages, liquidated damages, pre-
12  judgment interest, reasonable attorney's fees and costs of suit.

13  **SECOND CAUSE OF ACTION**
**Violation of California's Unfair Competition Law ("UCL")**
**[Cal. Bus. & Prof. Code § 17200, et seq.]**
14  **(By Plaintiffs and the Class Members against all Defendants)**

15     31.   Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

16     32.   Plaintiffs bring this claim on behalf of themselves and all others similarly situated
17  in their representative capacities against Defendant MTC and Does 1 through 50, for their
18  unlawful business acts and/or practices, pursuant to California Business & Professions Code §
19  17200, et seq. ("UCL"), which prohibits all unlawful business acts and/or practices.

20     33.   Plaintiffs and other similarly situated Class Members regularly work in excess of
21  five (5) hours a day without being afforded at least a thirty (30) minute uninterrupted meal period
22  in which they are relieved of all duties, and a second thirty (30) minute uninterrupted meal period
23  when they work in excess of ten (10) hours a day.

24     34.   Plaintiffs are informed and believe and thereon allege that at all relevant times
25  within the applicable limitations period, Defendants maintained a policy or practice of failing to
26  provide duty-free meal periods within the first five (5) hours of work, and a second meal period
27  when working a shift of longer than ten (10) hours.

28  / / /

-8-

35.    Plaintiffs and similarly situated Class Members regularly work in excess of two and a half (2.5) hours a day without being afforded a paid ten (10) minute rest break during which they are relieved of all duties and a second paid rest break when working a shift longer than six (6) hours, and a third paid rest break when working a shift longer than ten (ten) hours.

36.    ·  Defendants' failure to provide legally required meal periods and rest breaks, failure to pay all straight-time and overtime wages at the lawful rate of pay for all time actually worked, and failure to provide accurate itemized wage statements as alleged herein, constitutes unlawful and/or unfair business acts and/or practices within the meaning of California Business & Professions Code § 17200, *et seq*.

37.    As a result of their unlawful and/or unfair acts, Defendants have reaped and continue to reap unfair benefits and illegal profits at the expense of Plaintiffs and the Class Members. Defendants should be enjoined from this activity and provide restitution by restoring to Plaintiffs and the Class Members the wrongfully withheld wages and premium pay.

38.    The acts and practices alleged in the preceding paragraphs occurred in connection with Defendants' conduct of trade and commerce in the State of California.

39.    Defendants' misconduct as alleged herein gave Defendants an unfair competitive advantage over their competitors.

40.    As a direct and proximate result of the aforementioned acts, Defendants, and each of them, received and continue to hold monies which Plaintiffs and the Class Members have a possessory interest in.

41.    Defendants' conduct constitutes unlawful and unfair acts or practices conducted in the course of Defendants' respective businesses, and thereby constitutes violations of California Business and Professions Code § 17200, *et seq*. Such conduct offends the established public policy of the State of California and is immoral, unethical, oppressive, unscrupulous and substantially injurious.

42.    Pursuant to § 17203 of the UCL, Plaintiffs seek an order of this Court enjoining Defendants from continuing to engage in the unlawful and/or unfair business practices, and any other act prohibited by the UCL.

-9-

1    43.    WHEREFORE, Plaintiffs and the other Class Members are entitled to equitable

2  relief, including restitution, attorney's fees and costs, declaratory relief, and a permanent

3  injunction enjoining Defendants from their unlawful and/or unfair activity.

4                              **THIRD CAUSE OF ACTION**
                        **Failure to Provide Accurate Itemized Wage Statements**
5           (By Plaintiffs and the Wage Statement Subclass Members against all Defendants)

6    44.    Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

7    45.    At all relevant times, Plaintiffs and the Wage Statement Subclass Members were

8  employees of Defendants covered by Labor Code § 226.

9    46.    Pursuant to Labor Code § 226(a), Plaintiffs and the Wage Statement Subclass

10  Members were entitled to receive, semi-monthly or at the time of each payment of wages, an

11  accurate itemized statement showing gross wages earned; net wages earned; hours worked; all

12  applicable hourly rates in effect during the pay period; and, the corresponding number of hours

13  worked at each hourly rate by the employees.

14    47.    Defendants failed to provide Plaintiffs and the Wage Statement Subclass Members

15  with compliant accurate itemized wage statements in accordance with Labor Code § 226(a).

16  Plaintiffs are informed and believe and thereon allege that at all relevant times since one (1) year

17  preceding the filing of the Complaint in this action (the "Penalty Period"), Defendants maintained

18  and continue to maintain a policy or practice of failing to pay wages for all time actually worked,

19  .failing to pay overtime wages at the lawful rate of pay, failing to pay failing to pay meal period

20  premium payments, and failing to pay rest break premium payments. Defendants' practice

21  resulted and continues to result in the issuance of wage statements to Class Members that do not

22  show the correct amount of gross wages earned, the correct amount of net wages earned, the

23  correct number of hours worked at each applicable hourly rate of pay, and/or the proper

24  deductions made thereto for taxing authority purposes.

25    48.    Defendants' failure to provide Plaintiffs and the Wage Statement Subclass

26  Members with accurate wage statements was knowing and intentional. Defendants had the ability

27  to provide Plaintiffs and Wage Statement Subclass Members with accurate wage statements, but

28  intentionally provided wage statements that Defendants knew were not accurate.

- 10 -

1    49.    As a result of Defendants' conduct, Plaintiffs and the Wage Statement Subclass
2 Members have suffered injury.  The absence of accurate information on their wage statements has
3 prevented timely challenges to Defendants' unlawful pay practices, required discovery and
4 mathematical computations to determine the amount of wages owed, caused difficulty and
5 expense in attempting to reconstruct time and pay records, and led to the submission of inaccurate
6 information about wages and amounts deducted from wages to state and federal government
7 agencies.

8    50.    Pursuant to Labor Code § 226(e), Plaintiffs and the Wage Statement Subclass
9 Members are entitled to recover fifty dollars ($50) for the initial pay period during the Penalty
10 Period in which a violation of Labor Code § 226 occurred and one hundred dollars ($100) for each
11 violation of Labor Code § 226 in a subsequent pay period, not to exceed an aggregate penalty of
12 four thousand dollars ($4,000) per employee.

13    . 51.    Pursuant to Labor Code § 226(h), Plaintiffs and the Wage Statement Subclass
14 Members are entitled to bring an action for injunctive relief to ensure Defendants' compliance
15 with Labor Code § 226(a).  Injunctive relief is warranted because Defendants continue to provide
16 currently employed Wage Statement Subclass Members with inaccurate wage statements in
17 violation of Labor Code § 226(a) and currently employed Wage Statement Subclass Members
18 have no adequate legal remedy for the continuing injuries that will be suffered as a result of
19 Defendants' ongoing unlawful conduct.  Injunctive relief is the only remedy available for ensuring
20 Defendants' compliance with Labor Code § 226(a).

21    52.    Pursuant to Labor Code §§ 226(e) and 226(h), Plaintiffs and the Wage Statement
22 Subclass Members are entitled to recover the full amount of penalties due under Labor Code §
23 226(e), reasonable attorney's fees, and costs of suit.

24                                    **PRAYER FOR RELIEF**

25    WHEREFORE, on behalf of themselves and all others similarly situated, Plaintiffs pray for
26 judgment against Defendants as follows:

27    A.    An order certifying this case as a class action;

28    B.    An order appointing Plaintiffs as representatives for the Class;

- 11 -

| | | |
|---|---|---|
| 1 | C. | An order appointing Plaintiffs' counsel as counsel for the Class; |
| 2 | D. | Damages for unpaid straight-time and overtime wages; |
| 3 | E. | Damages for unpaid additional pay owed for missed meal periods; |
| 4 | F. | Damages for unpaid additional pay owed for missed rest breaks; |
| 5 | G. | Restitution for unpaid wages under Business and Professions Code § 17203; |
| 6 | H. | Civil Penalties under Labor Code § 226(e); |
| 7 | I. | Prejudgment interest at the maximum legal rate; |
| 8 | J. | Reasonable attorney's fees; |
| 9 | K. | Costs of suit; and, |
| 10 | L. | Such other relief as the Court may deem just and proper. |

Dated: June 21, 2017

DYCHTER LAW OFFICES, APC
United Employees Law Group, PC

By: _____
Alexander I. Dychter
Attorneys for Plaintiffs Lopez and Alejo

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury for themselves and the Class on all claims so triable.

Dated: June 21, 2017

DYCHTER LAW OFFICES, APC
United Employees Law Group, PC

By: _____
Alexander I. Dychter
Attorneys for Plaintiffs Lopez and Alejo

- 12 -

COMPLAINT

| SUPERIOR COURT OF STATE OF CALIFORNIA<br>COUNTY OF IMPERIAL | ENDORSED<br>JUN 21 2017<br>SUPERIOR COURT<br>COUNTY OF IMPERIAL<br>MARIA RHINEHART, INTERIM CLERK<br>BY _____ DEPUTY |
|---|---|
| Carlos Lopez , et al,<br>            Plaintiff,<br>vs.<br>Management & Training Corporation , et al.<br>            Defendant, | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE** | **CASE NO.**ECU09900 |

1.  NOTICE is given that a **CASE MANAGEMENT CONFERENCE** has been scheduled as follows:

---

**Date: 12/18/2017        Time: 8:30 a.m.             Dept: 7**

**Address of court:  939 West Main Street, El Centro, CA 92243**

---

2.  You must file and serve a completed Case Management Conference Statement at least fifteen (15) days before the case management conference.
3.  You must be familiar with the case and be fully prepared to participate effectively in the case management conference.
4.  At the case management conference the court may make pretrial orders, including the following:

      a)  An order establishing a discovery schedule.
      b)  An order referring the case to arbitration.
      c)  An order dismissing fictitious defendants.
      d)  An order scheduling exchange of expert witness information.
      e)  An order setting subsequent conferences and the trial date.
      f)  Other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code §68600 et seq.)

5.  Parties wishing to appear by telephone must comply with CRC Rule 3.670 and Local Rule 3.8.6.6

DATED: 06/21/2017                                                    , Clerk of the Court

                                                    By _____
                                                         F. Zuniga , Deputy Clerk

**NOTICE OF CASE MANAGEMENT CONFERENCE**