UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS LOPEZ and ANGEL ALEJO, individuals, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MANAGEMENT & TRAINING CORPORATION, a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 3:17-cv-01624-JM-RBM<br><br>**ORDER DENYING MOTION TO MODIFY SCHEDULING ORDER**<br><br>[Doc. 29.] |

## I. INTRODUCTION

Plaintiffs CARLOS LOPEZ and ANGEL ALEJO and Defendant MANAGEMENT & TRAINING CORPORATION (collectively, the "Parties") have moved the Court to modify its Scheduling Order of November 16, 2018, seeking to extend all dates by approximately 180 days. (Doc. 29.) The grounds of the motion are, in essence, that: additional attorneys have associated in on this matter; Plaintiffs have been unable to conduct previously noticed depositions due to scheduling difficulties; the Parties have not been able to agree to an additional site inspection; Plaintiffs intend to seek leave of Court

1

to file a Second Amended Complaint; and, the Parties have scheduled a mediation in approximately four months. (Doc. 29, at 3-4.) After careful consideration of the Parties' motion, the Court **DENIES** the Parties' request to modify the Scheduling Order.

## II. LEGAL STANDARD

"A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.1992). If the moving party fails to demonstrate diligence, "the inquiry should end." *Id.* For example, good cause may be found where the moving party shows it assisted the court with creating a workable scheduling order, that it is unable to comply with the scheduling order's deadlines due to matters not reasonably foreseeable at the time the scheduling order issued, and that it was diligent in seeking a modification once it became apparent it could not comply with the scheduling order. *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D.Cal.1999) (citations omitted).

## III. DISCUSSION

The Court does not find that the parties have shown good cause for the proposed modification because the parties have failed to demonstrate diligence in attempting to comply with the Court's modified Scheduling Order of November 16, 2018. (Doc. 26.)

The parties assert that counsel for Plaintiffs, Cohelan Khoury & Singer "recently associated in on this matter ... and have been familiarizing themselves with the litigation in this matter to date[.]" (Doc. 29, at 13-15.) However, Plaintiffs additional counsel filed a Notice of Appearance in this matter on January 9, 2019, more than four months before the instant motion was filed. The Parties assert that although they have been conducting discovery necessary to move for and defend against class certification, Plaintiffs have requested additional time to conduct noticed depositions due to scheduling difficulties and to respond to recently served requests for admission. (*See* Doc. 29, at 16-20.) However, the Parties moved the Court to modify its Scheduling Order in October, 2018, arguing that they had not been able to obtain necessary discovery, including depositions of Defendant's

2

witnesses. (Doc. 24, at 3.) Nearly seven months after the Court granted the first request, Plaintiff has yet to conduct depositions of Defendant's witnesses. The Parties have conducted a site inspection of the Imperial Detention Center on January 29, 2019 but have been unable to agree to a similar inspection of a second correctional facility. (Doc. 29, at 3-4.) However, this dispute is not new: when the Parties requested their first Scheduling Order modification, they asserted that they were unable to conduct site inspections due to the unavailability of counsel, witnesses, witnesses, and the facility, and security concerns. (Doc. 24, at 3-4.) The parties assert that they have been diligent in attempting to comply with the Court's Scheduling Order; but in seeking a second modification, they have repeated the arguments that justified the first modification. Plaintiff's counsel have been familiarizing themselves with this matter for four months; depositions of Defendant's witnesses have still not been taken; and, that the Parties have still not conducted their site inspections. (*See* Doc. 29.) "A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded without peril." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (internal quotations omitted). When the Parties first requested a modification of the Scheduling Order, the Court generously extended all the dates by 140 days. It appears that the Parties have made little progress in resolving the disputes that existed then. This does not demonstrate diligence.

Additionally, the Parties assert that they have been meeting and conferring regarding Plaintiff's filing of a Second Amended Complaint, and that they have sought a stay of the entire matter pending mediation. However, there is no reason why the Parties cannot litigate this case and pursue mediation at the same time.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## IV. CONCLUSION

The Court does not find that the parties diligently attempted to comply with the Court's prior Scheduling Order. As such, the Court does not find good cause to modify it. Accordingly, the Parties' joint request to further modify the Court's scheduling order of November 11, 2018, is **DENIED**.

**IT IS SO ORDERED.**

DATE: June 10, 2019

HON. RUTH BERMUDEZ MONTENEGRO
United States Magistrate Judge