UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS LOPEZ and ANGEL ALEJO, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MANAGEMENT AND TRAINING CORPORATION, a Delaware corporation,<br><br>Defendant. | Case No.: 17cv1624 JM(RBM)<br><br>**ORDER ON PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

Presently before the court is Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement. A hearing on the motion was held on December 9, 2019. For the reasons set forth on the record and as explained in more detail below, the motion is **GRANTED**.

**I.  Background**

Defendant Management and Training Corporation ("MTC") maintains contracts with various state governments and the federal government for the purpose of managing prisons throughout the United States. At the time of the filing of the complaint, Plaintiffs

were employed by MTC at Imperial Regional Detention facilities in California.[1] This lawsuit arises out of MTC's alleged failure to not properly compensate all Sergeants, Detention Officers, and Correction Officers for all work performed.

On June 21, 2017, Plaintiffs filed suit in Imperial County Superior Court asserting three claims: failure to pay straight time and overtime wages; violation California's Unfair Competition Law, CAL. BUS & PROF. CODE §17200, *et seq*.; and failure to provide accurate wage statements. (Doc. No. 1-2.)

On June 22, 2017, Plaintiffs provided notice to the Labor and Workforce Development Agency ("LWDA") of similar allegations against Defendant. (Doc. No. 40-2, Declarations of Alexander Dychter ("Dychter Decl."), ¶ 6). MTC removed the case to federal court on August 11, 2017. (Doc. No. 1.)

On April 10, 2018, the complaint was amended to include a Private Attorney General Act ("PAGA") violation. (Doc. No. 15.) On May 17, 2019, Plaintiffs provided an Amended Notice to the LWDA. (Dychter Decl. at ¶ 6.)

Since the initiation of this lawsuit the parties have participated in two private mediations, one before Mr. Joel M. Grossman, Esq. on December 11, 2018, and the second before Mr. Steven W. Paul, Esq. on August 27, 2019. The second led to the proposed settlement currently before the court.

**II.  Settlement Agreement Terms**

On October 25, 2019, Plaintiffs filed the instant motion for preliminary approval of the class action settlement. (Doc. No. 40.) The motion contained a proposed notice to potential class members. (Doc. No. 40-2, Exhibit 1, at 51-56.)

---

[1] At the time of the filing of the First Amended Complaint, Lopez was employed as a Sergeant and Alejo was employed as a Detention Officer. (Doc. No 15, ¶¶ 7, 8). Lopez is still employed by MTC as a Sergeant at the Imperial Regional Detention Center but Alejo left MTC's employment in April 2019. (*See* Doc. No. 40-2 at 58-78, Second Amended Complaint, ¶ 8.)

At the hearing, the court voiced its concerns regarding the guidance provided to individuals wishing to opt-out of the class in the initial notice. Class counsel has subsequently revised the notice and submitted it to the court. (Doc. No. 43, Exhibit 1, "Notice" at 4-9.) The Notice has allayed the court's earlier concerns.

The class is defined as follows:

> all of Defendant's hourly, non-exempt Sergeants, Detention Officers, Correction Officers and other similarly titled officers, if any, who were employed in the State of California at any time between June 21, 2013 through the date of Preliminary Approval, but in no event later than November 30, 2019.

(Doc. No. 40-2, Exhibit 1, "Agreement" at ¶1.6.)

The Settlement Agreement requires MTC to pay a gross settlement amount of $3,500,000, allocated as follows: $2,123,334[2] to the settlement members for their claims; $10,000 as an incentive award for Lopez; $10,000 as an incentive award for Alejo; $1,166,666 to Plaintiffs' counsel; $25,000 in costs; $100,000 to settlement of the PAGA claim, $75,000 of which is to be paid to the LWDA; and $15,000 to the CPT Group, Inc., the Class Administrator for administration costs. (*See* Agreement, pgs. 19-25.) The Agreement estimates 570 class members, and Plaintiffs' counsel attests that the average amount of gross settlement benefits each class member will recover is a $3,856.00. (Dychter Decl., ¶ 15.) In addition, the Agreement calls for the payment of $750.00 to each eligible member of Section 203 Sub-class for penalties allegedly owed under California Labor Code Section 203, which will be deducted from the Class Settlement Amount prior to determining the Net Settlement Amount. (Agreement, ¶ 4.2.1). The parties anticipate approximately 100 Section 203 Sub-class members.

---

[2] This figure was calculated after deducting $75,000 as the approximate amount to be distributed to those participating in the Section 203 Sub-Class. The aggregate total expected to be received by these Sub-Class Members is $75,000, separate and apart from each member's *pro rata* shares of the remaining funds.

In exchange for these payments, the settlement agreement defined the Released Claims as including:

> any claims, causes of action, damages, wages, benefits, expenses, penalties, debts, liabilities, demands, obligations, attorney's fees, costs, and any other form of relief or remedy in law or equity, whether premised on statute, contract, tort or other theory of liability under federal, state, or local law, regulation, or ordinance, arising from the claims asserted in the First and Proposed Second Amended Complaints or that reasonably could have been asserted in the First and Proposed Second Amended Complaints, including waiting time penalty claims under California Labor Code Section 203, against the Released Parties based on the factual allegations of the First and Proposed Second Amended Complaints, that accrued or accrue during the Settlement Class Period, including, but not limited to, claims for failure to pay wages for all hours worked (both straight-time and overtime wages); failure to provide compliant meal breaks; failure to provide compliant rest breaks; failure to pay all wages owed upon separation; failure to provide accurate and itemized wage statements; unfair competition or unfair business practices under Cal. Bus. & Prof. Code section 17200 et seq.; claims under California Labor Code sections 201, 202, 203, 204, 226, 226.7, 510, 512, 1194, 1194.2, 1197, 1198, the applicable Industrial Welfare Commission Wage Orders, the California Business and Professions Code section 17200 et seq., the PAGA; and claims for restitution and other equitable relief, liquidated damages, waiting time penalties, other compensation or benefits (collectively, the "Released Claims"). This Release and Released Claims also cover all claims for interest, attorneys' fees and costs related to the Action and the claims alleged or that could have been alleged based on the factual allegations in the First and Proposed Second Amended Complaints, including claims under California Labor Code Section 203. The Settlement Class Members will be deemed to have specifically acknowledged that this Release reflects a compromise of disputed claims.
>
> Settlement Class Members shall be deemed to have acknowledged and agreed that California Labor section 206.5 is not applicable to the Parties hereto. That section provides in pertinent part:
>
> "An employer shall not require the execution of any release of a claim or right on account of wages due, or become due, or made as an advance on wages to be earned unless payment of those wages has been made."
>
> The Released Claims do not include claims for workers' compensation benefits or any of the claims that may not be released by law.
>
> 7.1.1 Settlement Class Members' Waiver of Rights under California Civil Code Section 1542: With respect to Released Claims only, each Settlement

> Class Member shall be deemed to have expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits they may have had pursuant to 1542 of the California Civil Code, which provides as follows:
> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THIS RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

(Agreement at 32-33.) The Agreement has substantially similar release provisions applicable to the named Plaintiffs. (Agreement, ¶¶ 7.2., 7.2.1)

### III. Preliminary Certification of Rule 23 Class

Before approving the Settlement the court's "threshold task is to ascertain whether the proposed settlement class satisfies the requirements of Rule 23(a) of the Federal Rules of Civil Procedure applicable to class actions, namely: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation." *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1019 (9th Cir. 1998). In the settlement context, the court "must pay undiluted, even heightened, attention to class certification requirements." *Id.* In addition, the court must determine whether class counsel is adequate (Fed. R. Civ. P. 23(g)), and whether "the action is maintainable under Rule 23(b)(1), (2), or (3)." *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 462 (9th Cir. 2000) (quoting *Amchem Prod. v. Windsor*, 521 U.S. 591, 614 (1997)).

#### A. Numerosity

This requirement is satisfied if the class is "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "A class greater than forty members often satisfies this requirement … " *Walker v. Hewlett-Packard Co.,* 295 F.R.D. 472, 482 (S.D. Cal. 2013) (citing *Californians for Disability Rights, Inc. v. Cal. Dep't of Transp.*, 249 F.R.D. 334, 346 (N.D. Cal. 2008). Here, the parties estimate approximately 570 Class Members. Joinder of all these potential plaintiffs would be impracticable. Accordingly, this requirement has been met.

### B. Commonality

This requirement is satisfied if "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). "To satisfy this commonality requirement, plaintiffs need only point to a single issue common to the class." *Vasquez v. Coast Valley Roofing, Inc.,* 670 F. Supp. 114, 1121 (E.D. Cal. 2009). Here, the commonality requirement is satisfied because all of the class claims involve common questions of law and fact surrounding Defendant's purported failure to pay Class Members for all time worked, including time automatically deducted for meal breaks, allegedly subjecting Class Members to a time rounding policy that on its face was not fair and neutral, and which was allegedly implemented in a manner that failed to compensate employees for all time under the employer's control, and a claimed failure to provide duty-free rest periods due to the nature and work being performed by Class Members.

### C. Typicality

This requirement is satisfied if "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.,* 976 F.2d 497, 508 (9th Cir. 1992) (internal quotation and citation omitted). Here, the typicality requirement is satisfied because the claims of lead Plaintiffs and the class are based on the claims that MTC's policies violate various California labor laws. Moreover, the Plaintiffs and the Class Members are alleged to have suffered the same injuries, including the non-payment of overtime wages. Therefore, for purposes of settlement, Plaintiffs have made an adequate showing of typicality.

### D. Adequacy

The final Rule 23(a) requirement is that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This requires the court address two questions: "(a) do the named plaintiffs and their counsel have any

conflicts of interest with other class members and (b) will the named plaints and their counsel prosecute the action vigorously on behalf of the class." *In re Mego*, 213 F.3d at 462. A court certifying a class must consider: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A). The court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." *Id.* at 23(g)(1)(B).

Here, there is no obvious conflict between Lopez's and Alejo's interests and those of the class members. Similarly, Plaintiffs' counsel appears to have extensive experience in litigating wage and hour class action lawsuits. (*See* Doc. Nos. 40-2, Dychter Decl.; Doc. No. 4-3, Declaration of Michael D. Singer ("Singer Decl."); Doc. No. 40-4, Declaration of Walter L. Haines ("Haines Decl.").) Accordingly, the court finds this element satisfied for the purposes of preliminary approval.

### E. Predominance and Superiority

"In addition to meeting the conditions imposed by Rule 23(a), the parties seeking class certification must show that the action is maintainable under Fed. R. Civ. P 23(b)(1), (2) or (3)." *Hanlon,* 150 F.3d at 1022. "Rule 23(b)(3) permits a party to maintain a class action if . . . the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." *Conn. Ret. Plans & Trust Funds v. Amgen Inc.,* 660 F.3d 1170, 1173 (9th Cir. 2011), *aff'd* 133 S. Ct. 1184 (2013) (citing Fed. R. Civ. P. 23(b)(3)). The "predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Hanlon,* 150 F.3d at 1022-23 (quoting *Amchen Prods, Inc.,* 521 U.S. at 623). An examination into whether there are "legal or factual questions that qualify each class member's case as a genuine controversy" is required. *Id.* The

superiority inquiry "requires determination of whether the objectives of a particular class action procedure will be achieved in a particular case." *Id.* at 123.

Here, all of the Class Members were allegedly subject to Defendant's failure to pay them for time worked as a result of Defendant's labor policies. Resolution of common questions regarding, for example, whether Defendant failed to pay Class members for all time worked and whether Defendant failed to provide compliant meal and rest breaks, are applicable to all members of the class. Thus, although the degree of the underpayment of wages may vary between members, the class is "sufficiently cohesive to warrant adjudication by representation." *Local Joint Exec. Bd of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.* 244 F.3d 1152, 1162 (9th Cir. 2001). In sum, the legal and factual questions common to each Class member's claim predominate over any questions affecting individual Class members. The relatively limited potential recovery for the Class Members as compared with the costs litigating the claims also support the preliminary conclusion that a class action is superior to other methods for adjudicating this controversy.

In accordance with the above, for purposes of settlement, Lopez and Alejo have satisfied the requirements for certification of a class under Rule 23.

**IV.** **Preliminary Approval of Settlement**

At the preliminary approval stage, the Court may grant preliminary approval of a settlement if the settlement: (1) appears to be the product of serious, informed, non-collusive negotiations; (2) has no obvious deficiencies; (3) does not improperly grant preferential treatment to class representatives or segments of the class; and (4) falls within the range of possible approval." *Sciortino v. PepsiCo, Inc.*, No. 14-CV-00478-EMC, 2016 WL 3519179, at *4 (N.D. Cal. June 38, 2016) (quoting *Harris v. Vector Mktg. Corp.*, No. C-08-5198 EMC, 2011 WL 1627973, at *7 (N.D. Cal. Apr. 29, 2011). "At the preliminary approval stage, a full fairness analysis is unnecessary." *Zepeda v. Paypal, Inc.,* No. C 10-1668 SBA, 2014 WL 718509, at *4 (N.D. Cal. Feb. 24, 2014) (internal quotation marks and citation omitted). "Closer scrutiny is reserved for the final approval hearing." *Sicortino,* 2016 WL 3519179, at *4.

Federal Rule of Civil Procedure 23(e) provides that "[t]he claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. P. 23(e). "Adequate notice is critical to court approval of a class settlement under Rule 23(e)." *Hanlon,* 150 F.3d at 1025. The Rule also "requires the district court to determine whether a proposed settlement is fundamentally fair, adequate and reasonable." *Id.* at 1026. In making this determination, the court is required to "evaluate the fairness of a settlement as a whole, rather than assessing its individual components." *Lane v. Facebook, Inc.*, 696 F.3d 811, 818-19 (9th Cir. 2012). Because a "settlement is the offspring of compromise, the question we address is not whether the final product could be prettier, smarter or snazzier, but whether it is fair, adequate and free from collusion." *Hanlon*, 150 F.3d at 1027.

In assessing a settlement proposal, the district court is required to balance a number of factors, namely:

> the strength of the plaintiff's case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of governmental participant; and the reaction of the class members to the proposed settlement.

*Id.* at 1026. When reviewing a proposed settlement, the court's primary concern "is the protection of those class members, including the named plaintiffs, whose rights may not have been given due regard by the negotiating parties." *Officers for Justice v. Civil Serv. Comm'n of City & Cnty. Of S.F.,* 688 F.2d 615, 624 (9th Cir. 1982). Ultimately, "[i]n most situations, unless the settlement is clearly inadequate, its acceptance and approval are preferable to lengthy and expensive litigation with uncertain results." *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 526 (C.D. Cal. 2004).

In the motion, class counsel argues that the gross settlement amount reflects a very "good result" and that Plaintiffs' counsel has calculated Defendant's potential liability to be approximately $9 million and the gross settlement amount is for $3.5 million. The actual

recovery for the class, minus attorney fees, results in between 20-25% of Defendant's potential exposure. Class counsel are experienced class action attorneys in the labor and employment, wage and hour arena and the settlement has been reached following two mediations before independent third-parties. (*See* Dychter Decl., Singer Decl., Haines Decl.) In support of the settlement, counsel point to the risk associated with the uncertainty accompanying continued litigation, the fact that class certification has yet to be obtained and the various defenses available to MTC. The average amount of gross settlement benefits recovered by Class Members under the Settlement is approximately $3,856. Based on the court's experience with wage and hour class actions, and the accompanying declarations from experienced class counsel, the court preliminarily approves the settlement.

**V. Conclusion and Order**

In light of the foregoing, it is hereby ORDERED as follows:

1. The court finds on a preliminary basis that the provisions of the Joint Stipulation and Settlement Agreement (hereinafter "Agreement"), filed with the court as Exhibit 1 to the Declaration of Alexander I. Dychter (Doc. No. 40-2), are fair, just, reasonable, and adequate and therefore, meet the requirements for preliminary approval.

2. For purposes of this Order, the court adopts all defined terms as set forth in the Agreement.

3. The court conditionally certifies, for settlement purposes only, the following Settlement Class described in the Agreement as: "all of Defendant's hourly, non-exempt Sergeants, Detention Officers and other similarly titled officers, if any, who were employed in the State of California at any time between June 21, 2013 through the date of Preliminary Approval, but in no event later than November 30, 2019."

4. The court appoints, for settlement purposes only, Plaintiffs Carlos Lopez and Angel Alejo as representatives for the Settlement Class.

5. The court preliminarily appoints Alexander I. Dychter of Dychter Law Offices, APC, Michael D. Singer of Cohelan Khoury & Singer, and Walter L. Haines, of

United Employees Law Group, PC as Class Counsel for purposes of settlement.

6. The court appoints CPT Group, Inc. as the Settlement Administrator. The Settlement Administrator shall disseminate the Class Notice, supervise and carry out the settlement administration procedures in the Agreement, including, but not limited to, distributing and providing the class notice, receiving and examining claims, calculating claims against the Common Fund, preparing and issuing all disbursements of the Common Fund to Authorized Claimants, and handling inquiries from Settlement Class Members. All reasonable fees and costs of the Settlement Administrator shall be paid from the Common Fund.

7. In compliance with the terms of the Agreement, Class Counsel shall provide the LWDA with a copy of the proposed settlement in accordance with California Labor Code.

8. In compliance with the Class Action Fairness Act, 28 U.S.C. § 1715, and as set forth in the Agreement, Defendant, themselves or through their designee, are ordered to serve written notice of the proposed settlement on the U.S. Attorney General and the appropriate California state official, along with the appropriate state official in every state where a Class Member resides, unless such notice has already been served.

9. If they have not already done so, Defendant, within seven (7) business days of this Order granting preliminary approval, shall provide a spreadsheet of all Class Members including: (i) full name; (ii) last known home mailing address; (iii) telephone number (if available); (iv) Social Security Number; (v) dates of employment with Defendant; and (vi) the number of active Worksheets worked during the Class Period, in order for the Settlement Administrator to be able to calculate each Class Member's respective share of the Net Settlement Amount (hereinafter the "Class List"). The contents of the Class List are confidential and shall not be shared with third parties other than the Settlement Administrator and Class Counsel as needed.

10. The Class Notice, filed with the court as Exhibit 1 to the Declaration of Alexander I. Dychter (Doc. No. 43), is approved.

1  The Notice will be sent by the Settlement Administrator to all Class Members by first class mail within seven (7) business days of receipt of the Class List from Defendant. Prior to mailing the Notice, the Settlement Administrator shall process the Class List through the National Change of Address Database. It shall be conclusively presumed that if the Notice is not returned as "undeliverable," the Class Member received the Notice packet. With respect to Notice packets that are returned as undeliverable, if a forwarding address is provided by the USPS, the Settlement Administrator shall re-mail the Notice within three (3) business days. If a Notice is "undeliverable" and no forwarding address is provided, the Settlement Administrator shall implement a skip trace in order to obtain updated address information and shall re-mail the Notice to those Class Members for whom a new address is located. A skip trace shall be performed only once per Class Member by the Settlement Administrator and must be completed no later than seven (7) calendar days prior to the notice period deadline. Upon completion of these steps, the Settlement Administrator shall be deemed to have satisfied its obligations to provide the Notice to the Class Member. The Class Member shall remain a member of the Settlement Class and Section 203 SubClass (if applicable) and shall be bound by this Agreement and any Court order regarding the same, and the Final Judgment, regardless of whether he or she actually receives the Notice.

11. The court will hold a Final Approval Hearing on **April 2, 2020** at **10:00 a.m.** in the Courtroom of Honorable Jeffrey T. Miller, United States District Court for the Southern District of California, Courtroom 5D (5th Floor – Schwartz), 221 West Broadway, San Diego, CA 92101, for the following purposes:

   a. Finally determining whether the Class meets all applicable requirements of Rule 23 of the Federal Rules of Civil Procedure and whether the Class should be certified for the purpose of effectuating the Settlement;
   b. Finally determining whether the proposed Settlement is fundamentally fair, reasonable, and adequate, and in the best interests of the Settlement Class Members and should be approved by the court;

      c. Considering the application of class counsel for an award of attorneys' fees and costs, as provided in the Agreement;

      d. Considering the applications of the named Plaintiffs for a class representative incentive award as provided in the Agreement;

      e. Considering whether the order granting final approval of the class action settlement and judgement, as provided under the Agreement, should be entered, dismissing the Action with prejudice and releasing the Released Claims against the Released Parties; and

      f. Ruling upon such other matters as the court may deem just and appropriate.

12. The court may adjourn the Final Approval Hearing and later reconvene such hearing without further notice to the Class Members.

13. Attendance at the Final Approval Hearing is not necessary. Settlement Class Members need not appear at the hearing or take any action to indicate their approval of the proposed class action Settlement.

14. Class counsel shall file a motion for final approval of the Settlement no later than ***March 9, 2020***. Any request by class counsel for an award of attorneys' fees and expenses shall be filed ***February 3, 2020***, and that request shall be accompanied by supporting evidence to allow Class Members an opportunity to object to the fee motion itself before deciding whether to exclude themselves or object.

15. Each Settlement Class Member will have forty-five (45) days after the date on which the Settlement Administrator mails the Class Notice to object to the Settlement by serving on the Settlement Administrator, Class Counsel, and Counsel for Defendant and filing with the Court, by the forty-five (45) day deadline, a written objection to the Settlement.

16. Each Settlement Class Member who wishes to Opt-Out and be excluded from the settlement shall mail a letter to the Settlement Administrator. The written request must: (a) state the Class Member's full legal name, home address, telephone number, last four digits of their Social Security Number; (b) include the words "I want to opt-out"; (c) be

13

1   addressed to the Settlement Administrator; (d) be signed by the Class Member or their
2   lawful representative; and (e) be postmarked to the Settlement Administrator no later than
3   45 days after the notice packet is mailed.

4   17.  Each Settlement Class Member who wishes to object to the settlement must do so in writing. The objection must: (a) state the Class Member's full legal name, home address, telephone number, last four digits of their Social Security Number; (b) include the words "Notice of Objection" or "Formal Objection", state in clear and concise terms, the legal and factual arguments supporting the objection, and include a list identifying any witness(es) the objector may call to testify at the Fairness Hearing, as well as true and correct copies of any exhibit(s) the objector intends to offer (a "Written Objection Notice"); (c) be directed to the Hon. Jeffrey T. Miller, United States District Court – Southern District of California, 221 West Broadway, Suite 5190, San Diego, California 92101, and must reference case number 3:17-cv-01624-JM-RBM; (d) be sent to the Settlement Administrator, Class Counsel, and Counsel for Defendant; e) be signed by the Class Member or their lawful representative; and (f) be postmarked to the Settlement Administrator no later than 45 days after the notice packet is mailed.

18.  Pending the final determination of the fairness, reasonableness, and adequacy of the proposed Settlement, no Settlement Class Member may prosecute, institute, commence, or continue any lawsuit (individual action or class action or file any claims with the California Division of Labor Standards Enforcement Division) with respect to the Released Claims against MTC.

19.  If the Agreement is not finally approved for any reason, then this Order shall be vacated, the Agreement shall have no force and effect, and the Parties' rights and defenses shall be restored, without prejudice, to their respective positions as if the Agreement had never been executed and this Order never entered.

20.  The parties may further modify the Agreement prior to the Final Approval Hearing so long as such modifications do not materially change the terms of the Settlement provided thereunder. The court may approve the Settlement Agreement with such

modifications as may be agreed to by the parties, if appropriate, without further notice to the Settlement Class.

21. No later than **twenty-eight (28) days** prior to the Final Approval hearing date, the Settlement Administrator shall file an affidavit and serve a copy on class counsel and defense counsel, attesting that Notice was disseminated as required by the terms of the Agreement or as ordered by the court. This affidavit shall also inform the court of any requests for exclusion from the Class and objections or other reactions from Class Members received by the Settlement Administrator.

22. The court orders that the proposed Second Amended Complaint attached as Exhibit 3 to the Declaration of Alexander I. Dychter filed in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement be deemed filed this date and shall become the operative Complaint in this action.[3]

23. The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Agreement.

IT IS SO ORDERED.

Dated: December 13, 2019

_____
Hon. Jeffrey T. Miller
United States District Judge

---

[3] Accordingly, Plaintiffs' Motion for Leave to File a Second Amended Complaint (Doc. No. 33) is DENIED WITHOUT PREJUDICE and as MOOT. Furthermore, the pending Motion to Certify Class (Doc. No. 34) is also DENIED WITHOUT PREJUDICE and as MOOT.