Alexander I. Dychter (SBN 234526)
alex@dychterlaw.com
S. Adam Spiewak (SBN 230872)
adam@dychterlaw.com
**DYCHTER LAW OFFICES, APC**
1010 Second Ave., Suite 1835
San Diego, California 92101
Telephone: (619) 487-0777
Facsimile:  (619) 330-1827
E-Mail:  alex@dychterlaw.com
E-Mail:  adam@dychterlaw.com

Michael D. Singer (SBN 115301)
msinger@ckslaw.com
J. Jason Hill (SBN 179630)
jhill@ckslaw.com
**COHELAN KHOURY & SINGER**
605 C Street, Suite 200
San Diego, California 92101
Telephone: (619) 595-3001/Facsimile: (619) 595-3000

Walter L. Haines (SBN 71075)
admin@uelglaw.com
**United Employees Law Group, PC**
5500 Bolsa Ave., Suite 201
Huntington Beach, California 92649
Telephone: (562) 256-1047
Facsimile:  (562) 256-1006

Attorneys for Plaintiffs Lopez and Alejo

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CARLOS LOPEZ and ANGEL ALEJO, individuals, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MANAGEMENT & TRAINING CORPORATION, a Delaware Corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 3:17-cv-01624-JM-RBM<br><br>**CLASS ACTION**<br><br>**SECOND AMENDED COMPLAINT**<br>1. Failure to Pay Straight-Time & Overtime Wages<br>2. Violation of the Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200, *et seq.*)<br>3. Failure to Provide Accurate Wage Statements<br>4. Violation of the Private Attorneys General Act (Cal. Labor Code §§ 2699 *et seq.*)<br>5. Failure to Pay All Wages Owed Upon Separation (Cal. Labor Code §§201-203)<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs CARLOS LOPEZ ("Plaintiff Lopez") and ANGEL ALEJO ("Plaintiff Alejo") (collectively the "Plaintiffs"), individuals, on behalf of themselves and all other similarly situated current and former employees, allege on information and belief, except for their own acts and knowledge, which are based on personal knowledge, the following:

## **INTRODUCTION**

1.      This is a putative class action brought against Defendant MANAGEMENT & TRAINING CORPORATION (hereinafter "Defendant" or "MTC") for (i) failing to pay straight-time and overtime wages at the lawful rate of pay for all work performed; (ii) failing to provide duty-free meal breaks; (iii) failing to authorize and permit paid duty-free rest periods; (iv) failing to provide accurate, compliant, itemized wage statements, as mandated under the California Labor Code; (v) violation of the California Private Attorneys General Act (hereinafter the "PAGA"); and (vi) failing to pay all wages owed upon separation of employment, as mandated under the California Labor Code.

2.      Plaintiffs are Members of and the named representatives for the Class and the Wage Statement Subclass, as defined in Paragraphs 21-24, below.  Plaintiff Alejo is a Member of and the named representative for the Former Employee Subclass, as defined in Paragraph 24, below.  The term "Class" includes Plaintiff and all other persons who are members of the "Class," the "Wage Statement Subclass," the "PAGA Subclass," and/or the "Former Employee Subclass," as herein defined.

3.      Plaintiffs seek: 1) all straight-time and overtime wages owed, under Labor Code §§ 510, 1194, and 1197; 2) an additional hour of pay owed, under Labor Code § 226.7 and I.W.C. Wage Order No. 4, for failing to be provided with a compliant meal break; 3) an additional hour of pay owed, under Labor Code § 226.7 and I.W.C. Wage Order No. 4, for failing to be authorized and permitted to take a paid, compliant rest period; 4) penalties for inaccurate itemized wage statements,

1   under Labor Code § 226(e); 5) restitution under Business and Professions Code §

2   17203; 6) recovery of civil penalties as prescribed by the PAGA; and 7) waiting time

3   penalties for all wages earned but unpaid at the time of separation.

4        4.    The PAGA allows for tolling during the period when the California

5   Labor and Workforce Development Agency (hereinafter the "LWDA") is assessing,

6   or the employer may be curing, the alleged violations. Cal. Labor Code   §

7   2699.3(d).  On June 22, 2017, pursuant to Cal. Labor Code § 2699.3(a)(1), Plaintiffs

8   Carlos Lopez and Angel Alejo provided written notice via electronic online filing

9   with the LWDA and via certified mail, with return receipt, to the employer /

10  Defendant, alleging violations of the California Labor Code and the facts and

11  theories that support the alleged violations.  Additionally, on June 22, 2017,

12  pursuant to Cal. Labor Code § 2699.3(a)(1)(B), Plaintiffs Lopez and Alejo mailed

13  the required filing fee of $75.00 to the LWDA. (*See* **Exhibit 1**, attached hereto and

14  incorporated by this reference herein).  More recently, on May 17, 2019, Plaintiffs

15  gave written amended notice by electronic online filing to the LWDA and the

16  employer / Defendant via certified, return receipt mail, of the additional specific

17  code provisions alleged to have been violated, as required by Labor Code § 2699.3.

18  (*See* **Exhibit 2**, attached hereto and incorporated by reference herein).  The statutory

19  waiting period for Plaintiffs to commence this action to assert the additional PAGA

20  violations will have expired on or about July 21, 2019, which is prior to the date that

21  Plaintiffs anticipate the Court considering the request for leave to amend.

22                          **JURISDICTION AND VENUE**

23       5.    This Court has original jurisdiction over this Action under the Class

24  Action Fairness Act ("CAFA"), codified in pertinent part at 28 U.S.C. § 1332(d)(2).

25  On or about, August 11, 2017, Defendant properly removed this case to Federal

26  Court, conferring this Court with Jurisdiction, based on the submissions filed

27  showing that the aggregate amount in controversy exceeds $5,000,000, that there are

28  more than 100 class members, and that there is the requisite minimal diversity of the

1  Parties. (*See* Defendant's Notice of Removal, ECF Dkt. No. 1).

2     6.     Venue of this action lies in the United States District Court for the

3  Southern District of California pursuant to 28 U.S.C. §§ 1441 et seq. and 1391(a),

4  because this is the judicial district in which the action arose and the County of San

5  Diego is a location where (a) Plaintiffs performed work, (b) Defendant maintains

6  business locations, and (c) Defendant committed the wrongful conduct herein

7  alleged against Plaintiffs and Members of the Class.

8                          **THE PARTIES**

9     **A.     Plaintiffs and the Class**

10    7.     Plaintiff CARLOS LOPEZ is currently employed by Defendant MTC

11 as a Sergeant at the Imperial Regional Detention Facility, located at 1572 Gateway

12 Road, Calexico, California 92231.  Plaintiff Lopez has been employed at the facility

13 since approximately September 2, 2014.  Mr. Lopez has recently earned

14 approximately $33.00 per hour.

15    8.     Plaintiff ANGEL ALEJO was employed by Defendant MTC as a

16 Detention Officer at the Imperial Regional Detention Facility from approximately

17 September 2014 to April 2019, when he separated from employment with Defendant

18 MTC.

19    9.     During the Class Period, Defendant failed to pay Plaintiffs and the

20 Class Members wages for all time actually worked at the lawful rate of pay.

21 Specifically, Defendant maintained a time rounding policy that on its face is not fair

22 and neutral and is implemented in a manner that, when viewed over a period of

23 time, fails to compensate employees properly for all the time that they actually

24 worked and were under the employer's control.  Additionally, due to an auto-deduct

25 meal break policy of 30-minutes, Plaintiffs and the Class Members frequently were

26 still working while Defendant considered them to be "clocked-out" for a meal break

27 and therefore failed to receive wages for time actually worked.

28 / / /

10.   During the Class Period, Defendant failed to provide Plaintiffs and the Class Members with uninterrupted, duty-free 30-minute meal breaks that occurred within the first five hours of employment.  Plaintiffs and Class Members were not permitted to leave their "posted" position unless they were relieved of duty by a replacement.  However, Defendant maintained an auto-deduct meal break policy which recorded a 30-minute meal break regardless of whether the Class Members actually were relieved of their duties for the entire 30-minute meal period.  Further, due to insufficient staffing, Class Members frequently had to wait beyond their scheduled meal break time in order to be relieved of all duty and only then were able to take a duty-free meal break.  Plaintiffs and Class Members on certain occasions worked shifts of over ten (10) hours and failed to receive a second thirty (30) minute meal break.

11.   During the Class Period, Defendant frequently failed to authorize and permit Plaintiffs and the Class Members to take uninterrupted, duty-free paid 10-minute rest breaks.  Due to insufficient staffing levels of guards, Plaintiffs and Class Members were unable to take compliant rest breaks as mandated under California law.

12.   The Members of the Class are similarly situated persons who are presently employed or were formerly employed as Officers and/or Sergeants in the State of California who: 1) were not paid straight-time wages for all work time; 2) were not paid premium overtime wages for all work performed in excess of eight hours in one workday or over forty hours in one workweek at the lawful rate of pay; 3) were not provided with uninterrupted duty-free 30-minute meal breaks; 4) were not authorized and permitted to take paid duty-free 10-minute rest periods; and, 5) were not provided accurate itemized wage statements.

/ / /

/ / /

/ / /

- 4 -

**B.    Defendant**

13.    Defendant MANAGEMENT & TRAINING CORPORATION ("MTC") is an entity created under the laws of the State of Delaware.  At all relevant times mentioned herein, Defendant conducted substantial business in the State of California, County of Imperial.

14.    MTC maintains contracts with various state governments and the federal government for the purposes of managing prisons throughout the United States.  According to the MTC website, MTC safely secures more than 73,000 offenders and detainees in eight states at 24 facilities annually.  Worldwide, MTC employs a total of 8,583 employees, of which 4,498 are employed in its Corrections division across the United States, 278 medical employees at correctional facilities, 3,609 in the Education & Training division at centers across the United States, and 198 people at its Centerville, Utah corporate headquarters.

15.    In California, MTC operates the Imperial Regional Detention Facility for the Immigration & Customs Enforcement (located at 1572 Gateway Road, Calexico, California 92231), and the Taft Correctional Institution for the Federal Bureau of Prisons (located at 1500 Cadet Road, Taft, California 93268).

16.    According to the MTC website, the Imperial Regional Detention Facility has a capacity for 782 detainees and maintains a staff of 218, and the Taft Correctional Institution has a capacity for 2,500 inmates and maintains a staff of 342.

17.    Defendant MTC is the employer of Plaintiffs, as evidenced by Plaintiffs' wage statements and other work-related documents provided to Plaintiffs during the course of their employment.

18.    MTC was the employer of Plaintiffs and the Class Members at the time when Defendant breached its legal obligations to them as described herein, and Defendant continues to breach legal obligations owed to Class Members currently employed by Defendant.

- 5 -

19.     Plaintiffs are ignorant of the true names, capacities, relationships and extent of participation in the conduct herein alleged, of the Defendants sued herein as DOES 1 through 50, but is informed and believes and thereon alleges that said Defendants are legally responsible for the wrongful conduct alleged herein and therefore sues these Defendants by such fictitious names.  Plaintiffs will amend this Complaint to allege the true names and capacities of the DOE Defendants when ascertained.

20.     Plaintiffs are informed and believe and thereon allege that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants.

## CLASS ACTION ALLEGATIONS

21.     Plaintiffs bring this action on behalf of themselves and all other similarly situated persons as a class action, pursuant to Code of Civil Procedure § 382 and/or Federal Rule of Civil Procedure ("FRCP"), Rule 23.  Plaintiffs seek to represent a Class composed of and defined as follows:

All individuals who are, or previously were, employed by Defendant Management & Training Corporation in the State of California as non-exempt hourly Officers (whether as "Sergeant," "Detention Officer," "Correction Officer," "Security Officer," or other similar job title), at any time since June 21, 2013 through the date of trial ("Class Period") ("Class Members") as shown by the Defendant's payroll records.

22.     Plaintiffs also seek to bring this action on behalf of themselves and all other similarly situated persons in a Subclass of the Plaintiffs' Class, which is composed of and defined as follows:

**All Class Members employed at any time since June 21, 2016 ("Wage Statement Subclass Members").**

- 6 -

23.     Plaintiffs also seek to bring this action on behalf of themselves and all other similarly situated persons in a Subclass of the Plaintiffs' Class, which is composed of and defined as follows:

**All Class Members employed by Defendant since June 21, 2016 ("PAGA Subclass Members").**

24.     Plaintiff Alejo also seeks to bring this action on behalf of himself and all other similarly situated persons in a Subclass of the Plaintiffs' Class, which is composed of and defined as follows:

**All Class Members whose employment with Defendant ended at any time since June 21, 2014 ("Former Employee Subclass Members").**

25.     This action has been brought and may be maintained as a class action, pursuant to Code of Civil Procedure § 382 and/or FRCP Rule 23, because there is a well-defined community of interest among many persons who comprise a readily ascertainable class.

a.     The Class Members are so numerous that individual joinder of all of them as plaintiffs is impractical.  Although the exact number of Class Members is unknown to Plaintiffs at this time, Plaintiffs are informed and believe and thereon allege that there are not less than 100 Class Members.

b.     The identity of Class Members and Subclass Members can readily be determined from Defendant's employment records.  Defendant's records include the name and address of every person who was employed in California as a Sergeant or Officer during the Class Period.

c.     Common questions of law and fact exist as to Class Members and predominate over any questions that may affect only individual Class Members.  These common questions include, but are not limited to:

/ / /

(1) Did Defendant, in violation of Labor Code §§ 510, 1194, and 1197, fail to pay non-exempt hourly Sergeants and/or Officers for all time actually worked?

(2) Did Defendant, in violation of Labor Code §§ 510, 1194, and 1197, fail to pay non-exempt hourly Sergeants and/or Officers for all overtime wages owed to them?

(3) Is Defendant liable for restitution under Business and Professions Code § 17203?

(4) Did Defendant violate the Unfair Competition Law, Business and Professions Code § 17200, *et seq*., by failing to provide compliant meal periods, as mandated under Labor Code § 226.7 and I.W.C. Wage Order No. 4?

(5) Did Defendant violate the Unfair Competition Law, Business and Professions Code § 17200, *et seq*., by failing to authorize and permit compliant, paid rest breaks, as mandated under Labor Code § 226.7 and I.W.C. Wage Order No. 4?

(6) Did Defendant violate the Unfair Competition Law, Business and Professions Code § 17200, *et seq*., by its unlawful practices, as alleged herein?

(7) Did Defendant fail to provide accurate, compliant, itemized wage statements?

(8) Is Defendant liable for civil penalties under Labor Code § 226?

(9) Did Defendant, in violation of Labor Code § 201 and/or § 202, fail to pay timely all wages owed to Former Employee Subclass Members upon separation?

(10) Did Defendant act willfully when it failed to pay timely all wages owed to Former Employee Subclass Members upon separation?

(11)  Is Defendant liable for penalty wages under Labor Code § 203?

(12)  Is Defendant liable for pre-judgment interest?

(13)  Is Defendant liable for attorney's fees and costs?

d.  Plaintiffs are Members of the Class and the Subclass, and their claims are typical of the claims of the other Class Members and Subclass Members, as are the defenses that can be asserted in response to those claims.  Plaintiffs are informed and believe and thereon allege that Defendants' maintain policies or practices of:  1) failing to pay wages at the lawful rate of pay for all hours worked based upon an unlawful time-rounding policy and unlawful meal period auto-deduct policy; 3) failing to provide compliant duty-free meal periods; 4) failing to authorize and permit paid, compliant duty-free rest breaks; and/or 5) failing to provide employees with accurate wage statements.

e.  Plaintiffs will adequately and fairly protect the interests of the Class Members and Subclass Members.  Plaintiffs have no interest adverse to the interests of absent Class Members and Subclass Members. Plaintiffs are represented by legal counsel, who has substantial class action experience in civil litigation and employment law.

26.  A class action is superior to other available means for fair and efficient adjudication of the claims of the Class and would be beneficial for the parties and the Court.  Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require.  The monetary amounts due to many individual Class Members are likely to be relatively small, and the burden and expense of individual litigation would make it difficult or impossible for individual members of the Class to seek and obtain relief.  A class action will serve an important public interest by permitting such individuals to effectively pursue recovery of the sums owed to them.

- 9 -

Further, class litigation prevents the potential for inconsistent or contradictory judgments raised by individual litigation.

27.     There are no significant likely difficulties in managing a class action here.

### FIRST CAUSE OF ACTION
#### Failure to Pay Straight-Time and Overtime Wages
(By Plaintiffs and the Class Members against all Defendants)

28.     Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

29.     At all relevant times, Plaintiffs and the Class Members were employees of Defendants covered by Labor Code §§ 510, 1194 and 1197, and I.W.C. Wage Order No. 4.

30.     By their failure to pay straight-time wages and overtime wages for all time worked, as alleged above, Defendants willfully breached their agreement to pay wages in violation of Labor Code §§ 510, 1194 and 1197, and I.W.C. Wage Order No. 4.

31.     Pursuant to Labor Code § 510 and I.W.C. Wage Order No. 4, Plaintiffs and the Class Members were entitled to premium overtime wages payable at the rate of at least one and one-half times their regular rate of pay for all work in excess of eight hours in one workday or in excess of forty hours in one workweek and payable at the rate of at least twice the regular rate of pay for all work in excess of twelve hours in one workday and in excess of eight hours on the seventh day worked in a workweek.

32.     Plaintiffs are informed and believe and thereon allege that at all relevant times within the applicable limitations period, Defendants maintained and continue to maintain a policy or practice of time rounding that on its face is not fair and neutral and is implemented in a manner that, when viewed over a period of time, fails to compensate employees properly for all the time they actually worked and were under the employer's control.  Additionally, due to an auto-deduct meal

period policy of 30-minutes, Plaintiffs and the Class Members frequently were still working while Defendants considered them to be "clocked-out" for a meal period and therefore failed to receive wages for time actually worked while they were automatically "clocked-out" by Defendants.

33.   As a result of Defendants' unlawful and willful conduct, Plaintiffs and the Class Members have suffered damages in an amount, subject to proof, to the extent that they were not paid straight-time wages and premium overtime wages at the lawful rate of pay for all hours actually worked.

34.   Pursuant to Labor Code §§ 1194, 1194.2 and 1194.3, Plaintiffs and the Class Members are entitled to recover the full amount of unpaid wages, liquidated damages, pre-judgment interest, reasonable attorney's fees and costs of suit.

**SECOND CAUSE OF ACTION**
**Violation of California's Unfair Competition Law ("UCL")**
**[Cal. Bus. & Prof. Code § 17200, *et seq.*]**
(By Plaintiffs and the Class Members against all Defendants)

35.   Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

36.   Plaintiffs bring this claim on behalf of themselves and all others similarly situated in their representative capacities against Defendant MTC and Does 1 through 50, for their unlawful business acts and/or practices, pursuant to California Business & Professions Code § 17200, *et seq.* ("UCL"), which prohibits all unlawful business acts and/or practices.

37.   Plaintiffs and other similarly situated Class Members regularly work in excess of five (5) hours a day without being afforded at least a thirty (30) minute uninterrupted meal period in which they are relieved of all duties, and a second thirty (30) minute uninterrupted meal period when they work in excess of ten (10) hours a day.

38.   Plaintiffs are informed and believe and thereon allege that at all relevant times within the applicable limitations period, Defendants maintained a

policy or practice of failing to provide duty-free meal periods within the first five (5) hours of work, and a second meal period when working a shift of longer than ten (10) hours.

39.     Plaintiffs and similarly situated Class Members regularly work in excess of two and a half (2.5) hours a day without being afforded a paid ten (10) minute rest break during which they are relieved of all duties and a second paid rest break when working a shift longer than six (6) hours, and a third paid rest break when working a shift longer than ten (ten) hours.

40.     Defendants' failure to provide legally required meal periods and rest breaks, failure to pay all straight-time and overtime wages at the lawful rate of pay for all time actually worked, and failure to provide accurate itemized wage statements as alleged herein, constitutes unlawful and/or unfair business acts and/or practices within the meaning of California Business & Professions Code § 17200, *et seq*.

41.     As a result of their unlawful and/or unfair acts, Defendants have reaped and continue to reap unfair benefits and illegal profits at the expense of Plaintiffs and the Class Members.  Defendants should be enjoined from this activity and provide restitution by restoring to Plaintiffs and the Class Members the wrongfully withheld wages and premium pay.

42.     The acts and practices alleged in the preceding paragraphs occurred in connection with Defendants' conduct of trade and commerce in the State of California.

43.     Defendants' misconduct as alleged herein gave Defendants an unfair competitive advantage over their competitors.

44.     As a direct and proximate result of the aforementioned acts, Defendants, and each of them, received and continue to hold monies which Plaintiffs and the Class Members have a possessory interest in.

/ / /

45.     Defendants' conduct constitutes unlawful and unfair acts or practices conducted in the course of Defendants' respective businesses, and thereby constitutes violations of California Business and Professions Code § 17200, *et seq*. Such conduct offends the established public policy of the State of California and is immoral, unethical, oppressive, unscrupulous and substantially injurious.

46.     Pursuant to § 17203 of the UCL, Plaintiffs seek an order of this Court enjoining Defendants from continuing to engage in the unlawful and/or unfair business practices, and any other act prohibited by the UCL.

47.     WHEREFORE, Plaintiffs and the other Class Members are entitled to equitable relief, including restitution, attorney's fees and costs, declaratory relief, and a permanent injunction enjoining Defendants from their unlawful and/or unfair activity.

### THIRD CAUSE OF ACTION
### Failure to Provide Accurate Itemized Wage Statements
(By Plaintiffs and the Wage Statement Subclass Members against all Defendants)

48.     Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

49.     At all relevant times, Plaintiffs and the Wage Statement Subclass Members were employees of Defendants covered by Labor Code § 226.

50.     Pursuant to Labor Code § 226(a), Plaintiffs and the Wage Statement Subclass Members were entitled to receive, semi-monthly or at the time of each payment of wages, an accurate itemized statement showing gross wages earned; net wages earned; hours worked; all applicable hourly rates in effect during the pay period; and, the corresponding number of hours worked at each hourly rate by the employees.

51.     Defendants failed to provide Plaintiffs and the Wage Statement Subclass Members with compliant accurate itemized wage statements in accordance with Labor Code § 226(a).  Plaintiffs are informed and believe and thereon allege that at all relevant times since one (1) year preceding the filing of the Complaint in

- 13 -

this action (the "Penalty Period"), Defendants maintained and continue to maintain a policy or practice of failing to pay wages for all time actually worked, failing to pay overtime wages at the lawful rate of pay, failing to pay failing to pay meal period premium payments, and failing to pay rest break premium payments.  Defendants' practice resulted and continues to result in the issuance of wage statements to Class Members that do not show the correct amount of gross wages earned, the correct amount of net wages earned, the correct number of hours worked at each applicable hourly rate of pay, and/or the proper deductions made thereto for taxing authority purposes.

52.	Defendants' failure to provide Plaintiffs and the Wage Statement Subclass Members with accurate wage statements was knowing and intentional. Defendants had the ability to provide Plaintiffs and Wage Statement Subclass Members with accurate wage statements, but intentionally provided wage statements that Defendants knew were not accurate.

53.	As a result of Defendants' conduct, Plaintiffs and the Wage Statement Subclass Members have suffered injury.  The absence of accurate information on their wage statements has prevented timely challenges to Defendants' unlawful pay practices, required discovery and mathematical computations to determine the amount of wages owed, caused difficulty and expense in attempting to reconstruct time and pay records, and led to the submission of inaccurate information about wages and amounts deducted from wages to state and federal government agencies.

54.	Pursuant to Labor Code § 226(e), Plaintiffs and the Wage Statement Subclass Members are entitled to recover fifty dollars ($50) for the initial pay period during the Penalty Period in which a violation of Labor Code § 226 occurred and one hundred dollars ($100) for each violation of Labor Code § 226 in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000) per employee.

/ / /

55.     Pursuant to Labor Code § 226(h), Plaintiffs and the Wage Statement Subclass Members are entitled to bring an action for injunctive relief to ensure Defendants' compliance with Labor Code § 226(a).  Injunctive relief is warranted because Defendants continue to provide currently employed Wage Statement Subclass Members with inaccurate wage statements in violation of Labor Code § 226(a) and currently employed Wage Statement Subclass Members have no adequate legal remedy for the continuing injuries that will be suffered as a result of Defendants' ongoing unlawful conduct.  Injunctive relief is the only remedy available for ensuring Defendants' compliance with Labor Code § 226(a).

56.     Pursuant to Labor Code §§ 226(e) and 226(h), Plaintiffs and the Wage Statement Subclass Members are entitled to recover the full amount of penalties due under Labor Code § 226(e), reasonable attorney's fees, and costs of suit.

## FOURTH CAUSE OF ACTION
### Violation of the Private Attorney General Act
### [Cal. Bus. & Prof. Code §§ 2698 *et seq.*]
(By Plaintiffs and on behalf of all Aggrieved PAGA Subclass Members in the Capacity of Private Attorneys General against all Defendants)

57.     Plaintiffs and the Aggrieved PAGA Subclass Members incorporate all the preceding paragraphs as though fully set forth herein.

58.     The PAGA is a mechanism by which the State of California itself can enforce state labor laws through the employee suing under the PAGA who do so as the proxy or agent of the state's labor law enforcement agencies.  An action to recover civil penalties under PAGA is fundamentally a law enforcement action designed to protect the public and not to benefit private parties.  The purpose of the PAGA is not to recover damages or restitution, but to create a means of "deputizing" citizens as private attorneys general to enforce the Labor Code.  In enacting the PAGA, the California Legislature specified that "it was ... in the public interest to allow aggrieved employees, acting as private attorneys general to recover civil penalties for Labor Code violations ..." Stats. 2003, ch. 906, § 1.  Accordingly, claims under the PAGA cannot be subject to arbitration.

- 15 -

59.     Plaintiffs bring this Representative Action on behalf of the State of California with respect to themselves and all other employees of Defendant who are or previously were employed by Defendant in the State of California as non-exempt hourly Sergeants and/or Officers since June 21, 2016, and who are Members of the Class (the "PAGA Subclass Members").

60.     On June 21, 2016, Plaintiffs gave written notice by electronic online filing to the LWDA and Defendant via certified, return receipt mail, of the specific code provisions alleged to have been violated as required by Labor Code § 2699.3. (*see* **Exhibit 1**).  The statutory waiting period for Plaintiffs to commence this action has expired.  As a result, pursuant to § 2699.3, Plaintiffs commenced a representative civil action under the PAGA pursuant to § 2699 as the proxy of the State of California with respect to all PAGA Subclass Members as herein defined.

61.     On May 17, 2019, Plaintiffs gave written amended notice by electronic online filing to the LWDA and Defendant via certified, return receipt mail, of the additional specific code provisions alleged to have been violated, as required by Labor Code § 2699.3. (*see* **Exhibit 2**).  The statutory waiting period for Plaintiffs to commence the action to assert the additional PAGA claims will have expired on or about July 21, 2019, which is prior to the date that Plaintiffs anticipate the Court considering the request for leave to amend.

62.     The policies, acts, and practices heretofore described were and are an unlawful business act or practice because of Defendant's failure to pay straight-time wages and overtime wages for all time worked based on their adoption of an unlawful policy and/or practice of time rounding that is neither fair nor neutral on its face and their adoption of a policy and/or practice of auto-deducting 30-minutes a day for meal periods when all duties and responsibilities were not relieved. Additionally, Defendant engaged in unlawful business acts and/or practice by failing to provide compliant duty-free meal breaks and duty-free rest periods, by failing to provide accurate itemized wage statements, and by failing timely to pay all wages

due when required by Sections 201 and 202 of the Labor Code, as well as failing to pay the requisite waiting time penalties pursuant to Section 203, which thereby gives rise to statutory penalties as a result of such conduct.  Further, Plaintiffs hereby seek recovery of civil penalties, including as available under Labor Code Section 256, as prescribed by the PAGA, as the representatives of the State of California for the illegal conduct perpetrated on Plaintiffs and the other PAGA Subclass Members, against whom one or more of the violations of the California Labor Code was committed.

### FIFTH CAUSE OF ACTION
### Failure to Pay All Wages Owed Upon Termination
(By Plaintiff Alejo and the Former Employee Subclass Members against all Defendants)

63.    Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

64.    At all relevant times, Plaintiff Alejo and the Former Employee Subclass Members were employees of Defendant covered by Labor Code §§ 201 and/or 202.

65.    Pursuant to Labor Code §§ 201 and/or 202, Plaintiff Alejo and the Former Employee Subclass Members were entitled upon separation to timely payment of all wages earned and unpaid prior to separation.  Discharged employees were entitled to payment of all wages earned and unpaid prior to discharge immediately upon termination.  Employees who resigned were entitled to payment of all wages earned and unpaid prior to resignation within 72 hours after giving notice of resignation or, if they gave 72 hours previous notice, they were entitled to payment of all wages earned and unpaid prior to resignation at the time of resignation.

66.    Defendant failed to pay Plaintiff Alejo and the Former Employee Subclass Members all wages earned and unpaid prior to separation in accordance with Labor Code §§ 201 or 202.  Plaintiffs are informed and believes and thereon allege that during the three (3) year limitations period applicable to this cause of

action, Defendant maintained and continues to maintain a policy or practice of failing to pay all wages owed, all overtime wages at the lawful rate of pay, all meal period premium payments, and all rest period premium payments owed at the time of termination of employment.

67.     Defendant's failure to pay Plaintiff Alejo and the Former Employee Subclass Members all wages earned prior to separation in accordance with Labor Code § 201 and/or § 202 was willful.  Defendant had the ability to pay all wages earned by employees – including but not limited to overtime wages, but intentionally adopted policies or practices incompatible with the requirements of Labor Code §§ 226.2, 510, 1194, and 1197, and the applicable I.W.C. Wage Order(s).  Defendant had the ability to pay all meal period and rest period premium payments earned by employees, but intentionally adopted policies or practices incompatible with the requirements of Labor Code §§ 226.7 and 512, and the applicable I.W.C. Wage Order(s).  When Defendant failed to pay upon separation all wages earned prior to separation, Defendant knew what it was doing and intended to do what it did.

68.     Pursuant to Labor Code § 201 and/or § 202, Plaintiff Alejo and the Former Employee Subclass Members are entitled to all wages earned prior to separation that Defendant did not pay them.

69.     Pursuant to Labor Code § 203, Plaintiff Alejo and the Former Employee Subclass Members are entitled to penalty wages at their regular daily rate of pay, from the day their earned and unpaid wages were due upon separation until paid, up to a maximum of 30 days.

70.     As a result of Defendant's conduct, Plaintiff Alejo and the Former Employee Subclass Members have suffered damages in an amount, subject to proof, to the extent they were not paid for all wages earned prior to separation in violation of Labor Code § 201 and/or § 202.

/ / /

71.     As a result of Defendants' conduct, Plaintiff Alejo and the Former Employee Subclass Members have suffered damages in an amount, subject to proof, to the extent they were not paid all penalty wages owed to them in violation of Labor Code § 203.

72.     Pursuant to Labor Code §§ 218 and 218.5, Plaintiff Alejo and the Former Employee Subclass Members are entitled to recover the full amount of their unpaid wages, unpaid penalty wages, and reasonable attorney's fees and costs of suit.  Plaintiff and the Terminated Subclass Members are entitled to recover pre-judgment interest on all due and unpaid wages and penalty wages under Labor Code § 218.6 and/or Civil Code § 3287(a).

## **PRAYER FOR RELIEF**

WHEREFORE, on behalf of themselves and all others similarly situated, Plaintiffs pray for judgment against Defendants as follows:

A.     An order certifying this case as a class action;

B.     An order appointing Plaintiffs as representatives for the Class and respective Subclasses;

C.     An order appointing Plaintiffs' counsel as counsel for the Class;

D.     Damages for unpaid straight-time and overtime wages;

E.     Damages for unpaid additional pay owed for missed meal periods;

F.     Damages for unpaid additional pay owed for missed rest breaks;

G.     Restitution for unpaid wages under Business and Professions Code § 17203;

H.     Civil Penalties under Labor Code § 226(e);

I.     An award of civil penalties, attorneys' fees, and cost of suit pursuant to Labor Code § 2699(g);

J.     Damages for unpaid final wages under Labor Code § 201 and/or § 202;

K.     Damages for penalty wages under Labor Code § 203;

L.     Prejudgment interest at the maximum legal rate;

M.    Reasonable attorney's fees;

N.    Costs of suit; and,

O.    Such other relief as the Court may deem just and proper.

Dated:  October 25, 2019                          DYCHTER LAW OFFICES, APC
                                                   COHELAN KHOURY & SINGER
                                                   United Employees Law Group, PC


By:    s/Alexander I. Dychter
       Attorneys for Plaintiffs Carlos Lopez
       and Angel Alejo
       E-Mail:  alex@dychterlaw.com

## **DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury for themselves and the Class on all claims so triable.

Dated:  October 25, 2019                          DYCHTER LAW OFFICES, APC
                                                   COHELAN KHOURY & SINGER
                                                   United Employees Law Group, PC


By:    s/Alexander I. Dychter
       Attorneys for Plaintiffs Carlos Lopez
       and Angel Alejo
       E-Mail:  alex@dychterlaw.com

- 20 -